The following was the opinion of this Court.
The Court
is of opinion that Roger Dixon, to w hom a moiety of the Equity of redemption of the mortgaged land in the hill mentioned was devised by Jolm Dixon on certain conditions, ought to have been made a party to this suit; because, if those conditions were complied with by the representatives of his father Roger Dixon, or by himself, (and whether they were or not, can not be investigated until ho is made a party,) he would be devisee of the equity of redemption of the said moiety, and entitled to redeem the same, by payment of a moiety of the appellee’s claim; and as, in redeeming, he would not he permitted to disturb the purchasers under Mayo, in their possession, except so far as the unsold lands should he insufficient to make good his moiety, these questions ought first to have been settled, preparatory to a final, decree.
The Court is farther of opinion, that, as Thomas Dixon son of the Revd. John Dixon was an unconditional do-, visee of the equity of redemption in one moiety of the mortgaged lands, and conditionally so of the other, that moiety certainly, and possibly the other, has descended to his children and heirs at law; and, although the said Thomas Dixon was made a party to the suit, as the Executor of Ms brother John Dixon, and answered as such, and in that answer admits a sale to have been made by him of the promises to John Tabb, who sold to his brother John Dixon, yet he is not made a party, nor called on to answer, as to Ms individual interest or transactions; nor does it appear that any adequate conveyance was made by him of his said equity, although it is stated, in the answer of John Mayo, that a Deed was made to his father John Mayo the elder by him, the terms of which, however, are not stated. His heirs therefore ought to have been before the Court, as well to contest the claim of Roger Dixon, as that of Mayo, and those claiming under him, so that the rights of all parties might have been settled in the final decree.
*528 ' ^*16 Court is farther of opinion, that, although the W ill of John Mayo the elder is not in the record, yet it being averred, in the answer of the appellant John Mayo, ^hat he was only one of four Executors of the said Will, and, although he admits that he himself made the sales, yet the other Executors may be interested even as to those lands, and most probably were so in the lands remaining unsold, and thez’efore ought to have beezi parties, in order to a final and full adjustment of the title:—so too, if ther'e wez’e other puz'chasers under Mayo,-in possession of any part of the land in question, and who were not brought before the Court in order to be subjected to a rateable contribution, (as is stated in the exceptions to have been the case,) they ought to have been made parties.
The Court is of opinion farther, that, as to the pui*-. chasez*s under Mayo, the Decree ought to have provided that so much of their lands respectively should be sold as would be sufficient to pay their propoi’tions of the annuity due to the appellee, and unpaid by the Executors of Mayo, or unsatisfied by the sales of lands i’emaining in them, and liable to be sold; except so far as those purchasers shall agz*ee to pay and actually pay their respective. proportions of such balance, and to hold their lands subject to the future decree of the Court for their proportion of any sums growing due to the appellee thereafter.
The Court is farther of opinion, that, if the whole, annuity due and growing due to the appellee, shall thus be paid and secuz*ed to be paid, then the Executors of Matjo, and the purchasers under them, ought to he pez*mitted to proceed in any way they may be advised to be proper, to seek indemnity out of the mortgaged slaves, or from the estates of the original mortgagors, or of any other person or persons, who, they may be advised, are liable to such demand, either so far as the appellee might he able to charge such party, or otherwise.
The Decrees are therefore reversed with costs, and the cause i*emanded, to have the wooer parties made, and to bo proceeded in to a final decree according to th$ foi’egoing principles.